●                                        ●

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

-----------------------------------------------------------------

In re:

CASE NO: 02-_3 / 9 0 4_

Petition of Miguel Eduardo Ladron De Guevara Alvarez,
the Foreign Representative of Banco Nacional
de Obras y Servicios Publicos, S.N.C. Receiver for
TRANPORTES AEREOS EJECUTIVOS, S.A. DE C.V.,

Debtor in a Foreign Proceeding.

-----------------------------------------------------------------

## PETITION IN A CASE ANCILLARY
## TO A FOREIGN PROCEEDING

1.     Petitioner, Miguel Eduardo Ladron De Guevara Alvarez, is the foreign representative of Banco Nacional de Obras y Servicios Publicos, S.N.C., receiver appointed in the bankruptcy proceeding of Transportes Aereos Ejecutivos, S.A. de C.V. ["TAESA"], a debtor in a foreign proceeding within the meaning of section 101(23) and (24) of the Bankruptcy Code, as evidenced by the following:

    a.     On February 18, 2000, TAESA was declared bankrupt by the Superior Court of Justice of Federal District of the United Mexican States.  The case was assigned file number 11/2000.  See pages 1 - 41 of the attached duly authenticated translation of the Case Record.

    b.     On March 2, 2000, Banco Nacional de Obras y Servicios Publicos, S.N.C. was appointed as receiver.  See Official Letters No. 368-121 and No. 309 in the TAESA bankruptcy proceeding at pages 42 - 45 of the attached Case Record.

    c.     Miguel Eduardo Ladron De Guevara Alvarez is specifically granted power of attorney to act for the receiver.  See page 1 of the duly authenticated translation of the Official Transcript of the Power of Attorney, [following the Case Record] and see pages 2 and 3 of that document granting him general authority for "litigation and collection."

    d.     Accordingly, Miguel Eduardo Ladron De Guevara Alvarez is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code, authorized to seek the turnover of property of TAESA from U.S. Bank National Association ["U.S. Bank"].

2.     The debtor claims ownership to about one million dollars of proceeds of credit.

Filed on _____
Patrick _____
By _____ Deputy Clerk

card transactions in a U.S. Bank merchant payment services account.  Because TAESA has this property in the United States, this court has jurisdiction pursuant to section 109(a) of the Bankruptcy Code to order relief against debtor.

3.    Simultaneously with the filing of this petition, petitioner is commencing an adversary proceeding against U.S. Bank pursuant to §542 of the Bankruptcy Code and Bankruptcy Rule 7001(1) to require turnover of property of TAESA, the debtor in the foreign proceeding which is the subject of this case.  This bankruptcy court is in the district in which such property is found, by reason whereof this district is the proper venue for this ancillary case as provided in 28 U.SC. 1401(b).

4.    Granting the relief sought by petitioner in filing this petition will best assure an economical and expeditious administration of the estate of the debtor involved in the foreign proceeding, consistent with the factors specified in section 304(c) of the Bankruptcy Code.

WHEREFORE, petitioner prays that an order for relief be entered against TAESA, pursuant to section 304 of the Bankruptcy Code.

Dated: April 17, 2002

_____

David Jon Hoiland # 46085
Attorney for Debtor
120 S. 6th St.  #1100
Minneapolis, Minnesota 55402
(612) 573-3686

I, Miguel Eduardo Ladron De Guevara Alvarez , the petitioner named in the foregoing petition, certify under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

April 6 , 2002

_____

Miguel Eduardo Ladron
De Guevara Alvarez

2